**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Plaintiff, <br><br> vs. <br><br> **Aaron Michael Jones**, et al., <br><br> Defendants. | No. SACV17-00058 DOC (JCGx) <br><br> **ENTRY OF DEFAULT JUDGMENT AND FINAL ORDER FOR PERMANENT INJUNCTION AGAINST DEFENDANT AARON MICHAEL JONES [87]** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Civil Penalties, Permanent Injunction and Other Relief ("Complaint," Docket No. 1) pursuant to Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105. The FTC alleged that Defendants assisted their numerous telemarketer clients in bombarding American consumers will billions of "robocalls"—calls delivery prerecorded messages—as well as calls to consumers whose telephone numbers were on the National Do Not Call ("DNC") Registry, and calls made with inaccurate, or "spoofed," caller ID information.

The FTC subsequently filed a Motion for Default Judgment against Defendant Aaron Michael Jones ("Defendant Jones"). Defendant Jones was served with the Complaint in this action (*see* Docket No. 35), but has not opposed, defended, or answered the Complaint (*see* Docket No. 41). The Complaint is well pled and the relief sought in the Complaint is reflected in the proposed order submitted with the Motion for Default Judgment.

Having considered the Complaint, Motion for Default Judgment, exhibits, and other evidence filed in this matter, and for the reasons set forth in this Court's Order Granting Plaintiff's Motion for Default Judgment dated May 25, 2017 (*see* Docket No. 86), **it is hereby ordered** that the FTC's Motion for Default Judgment against the Defendant Jones is **granted** as follows:

## FINDINGS

1. This is an action by the Commission instituted under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105. The Commission has authority to seek the relief contained herein.

2. The Complaint charges that Defendant Jones participated in acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC's Telemarketing Sales Rule ("TSR"), as amended, 16 C.F.R. Part 310, by assisting and facilitating clients of an enterprise who were, among other things: (a) placing telemarketing calls to consumers that delivered prerecorded messages; (b) placing telemarketing calls to consumers whose telephone numbers were on the National Do Not Call ("DNC") Registry; and (c) transmitting inaccurate caller ID numbers and names with their telemarketing calls.

3. The Commission's Complaint states a claim upon which relief may be granted under Section 5 of the FTC Act, 15 U.S.C. § 45, and the TSR, 16 C.F.R. Part 310.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, 15 U.S.C. §§ 45(a), 53(b), 6102(c), and 6105(b).

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(2) and (d), and 15 U.S.C. § 53(b).

6. The activities of Defendant Jones as alleged in the Commission's Complaint are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

7. By virtue of the Court's decision regarding the FTC's Motion for Default Judgment, Defendant Jones is liable for injunctive relief and civil penalties for violations of Section 5(a) of the FTC Act and the TSR.

8. This Order resolves all matters in dispute in this action between the FTC and Defendant Jones, but not as to any other person, such as an indemnitee.

9. Entry of this Order is in the public interest.

10. Defendant Jones was properly served with the Summons and Complaint in this action, had actual knowledge of the claims against him, and nevertheless failed to answer the Complaint or file a responsive pleading.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Defendant Jones**" means Defendant Aaron Michael Jones, also known as Michael Aaron Jones.

B. "**National Do Not Call Registry**" means the "do-not-call" registry of telephone numbers maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

C. "**Person**" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

D. "**Telemarketing**" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution,

by use of one or more telephones and which involves more than one interstate telephone call.

# ORDER

## I

### Permanent Bans on Telemarketing, Robocalls, and Calling Telephone Numbers Listed on the National Do Not Call Registry

**It is ordered** that Defendant Jones, whether acting directly or through an intermediary, **is permanently restrained and enjoined from**:

A. Engaging in, or assisting others to engage in Telemarketing, which includes, without limitation, providing others with access to automated dialing systems, providing others with Caller ID numbers, and providing others with data lists containing consumer information;

B. Initiating, causing others to initiate, or assisting others in initiating any telephone call that plays or delivers a prerecorded message;

C. Initiating, causing others to initiate, or assisting others in initiating any telephone call to any telephone number listed on the National Do Not Call Registry; and

D. Holding any ownership interest, share, or stock in any business that engages in any of the acts and practices listed in paragraphs A–C of this Section.

## II

### Monetary Judgment for Civil Penalty

**It is further ordered** that:

A. Judgment in the amount of Two Million, Seven Hundred Thousand Dollars ($2,700,000) is entered in favor of the Commission against Defendant Aaron Michael Jones as a civil penalty.

B. All payments under this Order must be made by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

C. Defendant Jones's Taxpayer Identification Numbers (such as his Social Security Number) may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## III

## Cooperation

**It is further ordered** that Defendant Jones must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendant Jones must provide truthful and complete information, evidence, and testimony. Defendant Jones must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## IV

## Order Acknowledgments

**It is further ordered** that Defendant Jones obtain acknowledgments of receipt of this Order as follows:

A. Defendant Jones, within seven days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For five years after entry of this Order, Defendant Jones, for any business that he, individually or collectively with any other defendants, is the majority owner, or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and other representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth the section titled Compliance Reporting. Delivery

must occur within seven days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

    C.    From each individual or entity to which Defendant Jones delivered a copy of this Order, Defendant Jones must obtain, within thirty days, a signed and dated acknowledgment of receipt of this Order.

## V

## Compliance Reporting

**It is further ordered** that Defendant Jones make timely submissions to the Commission as follows:

    A.    One year after entry of this Order, Defendant Jones must submit a compliance report, sworn under penalty of perjury. Defendant Jones must:

        1) Identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

        2) Identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest;

        3) Describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

        4) Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with him;

        5) Identify all of his businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

        6) Describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other defendant (which

1              Defendant Jones must describe if he knows or should know due
2              to his own involvement);
3        7)    Describe in detail whether and how he is in compliance with
4              each Section of this Order; and
5        8)    Provide a copy of each Order Acknowledgment obtained
6              pursuant to this Order, unless previously submitted to the
7              Commission.
8    B.    For twenty years after entry of this Order, Defendant Jones must
9 submit a compliance notice, sworn under penalty of perjury, within fourteen days
10 of any change in the following:
11        1)    Name, including aliases or fictitious name, or residence
12              address;
13        2)    Title or role in any business activity, including any business for
14              which he performs services whether as an employee or
15              otherwise and any entity in which he has any ownership
16              interest, and identify the name, physical address, and any
17              Internet address of the business or entity;
18        3)    Any designated point of contact; or
19        4)    The structure of any entity that he has any ownership interest in
20              or controls directly or indirectly that may affect compliance
21              obligations arising under this Order, including: creation,
22              merger, sale, or dissolution of the entity or any subsidiary,
23              parent, or affiliate that engages in any acts or practices subject
24              to this Order.
25    C.    Defendant Jones must submit to the Commission notice of the filing
26 of any bankruptcy petition, insolvency proceeding, or similar proceeding by or
27 against him within fourteen days of its filing.
28

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Aaron Michael Jones*, Matter Number X170013.

## VI

## Recordkeeping

**It is further ordered** that Defendant Jones must create certain records for twenty years after entry of the Order, and retain each such record for five years. Specifically, Defendant Jones, for any business that Defendant Jones, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  Accounting records showing the revenues from all goods or services sold;

B.  Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

C.  Records of all consumer complaints, whether received directly or indirectly, such as through a third party, and any response;

D.   All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## VII

## Compliance Monitoring

**It is further ordered** that, for the purpose of monitoring Defendant Jones's compliance with this Order:

A.   Within fourteen days of receipt of a written request from a representative of the Commission, Defendant Jones must: (1) submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; (2) appear for depositions; and (3) produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the Commission is authorized to communicate directly with Defendant Jones. Defendant Jones must permit representatives of the Commission to interview anyone employed by or affiliated with Defendant Jones who has agreed to such an interview. The person interviewed may have counsel present.

C.   The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant Jones or any individual or entity affiliated with Defendant Jones, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.   Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant

Jones pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## VIII

## Retention of Jurisdiction

**It is further ordered** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**It is so ordered.**

Dated:   May 31, 2017

David O. Carter
United States District Judge