JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Plaintiff, <br><br> vs. <br><br> **Aaron Michael Jones**, et al., <br><br> Defendants. | No. SACV17-00058 DOC (JCGx) <br><br> **Entry of Default Judgment and Final Order for Permanent Injunction Against Defendants Allorey, Inc., Audacity LLC, Data World Technologies, Inc., Dial Soft Technologies, Inc., Digital Marketing Solutions, Inc., Savilo Support Services, Inc., Secure Alliance Corp., Velocity Information Corp., and World Access Media** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Civil Penalties, Permanent Injunction and Other Relief ("Complaint," Docket No. 1) pursuant to Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105. The FTC alleged that Defendants assisted their numerous telemarketer clients in bombarding American consumers will billions of "robocalls"—calls delivery

prerecorded messages—as well as calls to consumers whose telephone numbers were on the National Do Not Call ("DNC") Registry, and calls made with inaccurate, or "spoofed," caller ID information.

    The FTC subsequently filed a Motion for Default Judgment against Defendants Allorey, Inc., Audacity LLC, Data World Technologies, Inc., Dial Soft Technologies, Inc., Digital Marketing Solutions, Inc., Savilo Support Services, Inc., Secure Alliance Corp., Velocity Information Corp., and World Access Media (the "Defaulting Dialing Company Defendants"). The Dialing Company Defendants were served with the Complaint in this action (*see* Docket Nos. 36-40, 58, 59, 61, 73), but have not opposed, defended, or answered the Complaint (*see* Docket Nos. 41, 60, 62, 71). The Complaint is well pled and the relief sought in the Complaint is reflected in the proposed order submitted with the Motion for Default Judgment.

    Having considered the Complaint, Motion for Default Judgment, exhibits, and other evidence filed in this matter, and for the reasons set forth in this Court's Order Granting Plaintiff's Motion for Default Judgment dated May 25, 2017 (*see* Docket No. 86), **it is hereby ordered** that the FTC's Motion for Default Judgment against the Dialing Company Defendants is **granted** as follows:

## FINDINGS

1. This is an action by the Commission instituted under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105. The Commission has authority to seek the relief contained herein.

2. The Complaint charges that the Defaulting Dialing Company Defendants participated in acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC's Telemarketing Sales Rule ("TSR"), as amended, 16 C.F.R. Part 310, by assisting and facilitating clients of an enterprise

who were, among other things: (a) placing telemarketing calls to consumers that delivered prerecorded messages; (b) placing telemarketing calls to consumers whose telephone numbers were on the National Do Not Call ("DNC") Registry; and (c) transmitting inaccurate caller ID numbers and names with their telemarketing calls.

3. The Commission's Complaint states a claim upon which relief may be granted under Section 5 of the FTC Act, 15 U.S.C. § 45, and the TSR, 16 C.F.R. Part 310.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, 15 U.S.C. §§ 45(a), 53(b), 6102(c), and 6105(b).

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(2) and (d), and 15 U.S.C. § 53(b).

6. The activities of the Defaulting Dialing Company Defendants as alleged in the Commission's Complaint are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

7. By virtue of the Court's decision regarding the FTC's Motion for Default Judgment, the Defaulting Dialing Company Defendants are liable for injunctive relief for violations of Section 5(a) of the FTC Act and the TSR.

8. This Order resolves all matters in dispute in this action between the FTC and the Defaulting Dialing Company Defendants, but not as to any other person, such as an indemnitee.

9. Entry of this Order is in the public interest.

### DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Dialing Company Defendants**" means Defendants Allorey, Inc., Audacity LLC, Data World Technologies, Inc., Dial Soft Technologies, Inc., Digital Marketing Solutions, Inc., Savilo Support Services, Inc., Secure Alliance

Corp., Velocity Information Corp., and World Access Media, and their successors and assigns, individually, collectively, or in any combination.

  B. "**National Do Not Call Registry**" means the "do-not-call" registry of telephone numbers maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

  C. "**Person**" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

  D. "**Telemarketing**" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

## ORDER

## I

### Permanent Bans on Telemarketing, Robocalls, and Calling Telephone Numbers Listed on the National Do Not Call Registry

  **It is ordered** that the Dialing Company Defendants, whether acting directly or through an intermediary, **are permanently restrained and enjoined from**:

  A. Engaging in, or assisting others to engage in Telemarketing, which includes, without limitation, providing others with access to automated dialing systems, providing others with Caller ID numbers, and providing others with data lists containing consumer information;

  B. Initiating, causing others to initiate, or assisting others in initiating any telephone call that plays or delivers a prerecorded message;

  C. Initiating, causing others to initiate, or assisting others in initiating any telephone call to any telephone number listed on the National Do Not Call Registry; and

  D. Holding any ownership interest, share, or stock in any business that engages in any of the acts and practices listed in paragraphs A–C of this Section.

## II
## Cooperation

**It is further ordered** that the Dialing Company Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. The Dialing Company Defendants must provide truthful and complete information, evidence, and testimony. The Dialing Company Defendants must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## III
## Order Acknowledgments

**It is further ordered** that the Dialing Company Defendants obtain acknowledgments of receipt of this Order as follows:

    A.    Each Dialing Company Defendant, within seven days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

    B.    For five years after entry of this Order, each Dialing Company Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members, (2) all employees, agents, and other representatives who participate in conduct related to the subject matter of the Order, and (3) any business entity resulting from any change in structure as set forth in the section titled Compliance Reporting. Delivery must occur within seven days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

   C. From each individual or entity to which a Dialing Company Defendant delivered a copy of this Order, it must obtain, within thirty days, a signed and dated acknowledgment of receipt of this Order.

## IV

## Compliance Reporting

**It is further ordered** that the Dialing Company Defendants make timely submissions to the Commission as follows:

   A. One year after entry of this Order, each Dialing Company Defendant must submit a compliance report, sworn under penalty of perjury, which must:

   1) Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with the Defendant;

   2) Identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

   3) Describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant;

   4) Describe in detail whether and how that Defendant is in compliance with each Section of this Order; and

   5) Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

   B. For twenty years after entry of this Order, the Dialing Company Defendants must submit a compliance notice, sworn under penalty of perjury, within fourteen days of any change in the following:

   1) Any designated point of contact; or

        2)     The structure of any Dialing Company Defendant or any entity that a Dialing Company Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    C.     Each Dialing Company Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against it within fourteen days of its filing.

    D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

    E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Aaron Michael Jones, et al.*, Matter Number X170013.

## V

## Recordkeeping

**It is further ordered** that the Dialing Company Defendants must create certain records for twenty years after entry of the Order, and retain each such

record for five years. Specifically, each Dialing Company Defendant must create and retain the following records:

    A.    Accounting records showing the revenues from all goods or services sold;

    B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

    C.    Records of all consumer complaints, whether received directly or indirectly, such as through a third party, and any response;

    D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## VI

## Compliance Monitoring

**It is further ordered** that, for the purpose of monitoring the Dialing Company Defendants' compliance with this Order:

    A.    Within fourteen days of receipt of a written request from a representative of the Commission, a Dialing Company Defendant must: (1) submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; (2) appear for depositions; and (3) produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

    B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Dialing Company Defendant. The Dialing Company Defendants must permit representatives of the Commission to interview

anyone employed by or affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

    C.    The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities to the Dialing Company Defendants or any individual or entity affiliated with them, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VII
## Retention of Jurisdiction

**It is further ordered** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**It is so ordered.**

Dated: May 31, 2017

                                                David O. Carter
                                          United States District Judge